JDN

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Matthew Brown, | No. CV 19-05048-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Alexander, et al., | |
| Defendants. | |

On June 23, 2021, the Court entered an Order dismissing this civil rights action for failure to prosecute after Plaintiff Justin Matthew Brown failed to respond to the Court's Order to Show Cause. (Doc. 39.) Before the Court is Brown's unopposed Motion for Extension of Time to respond to the Order to Show Cause, which was received after the Court's June 23, 2021 Order, and Brown's Affidavit in response to the Order to Show Cause. (Docs. 41, 43.) For the reasons set forth below, the Court will grant the Motion for Extension of Time, vacate the Order of dismissal and reopen the case, and refer the case to a Magistrate Judge for a settlement hearing.

**I.    Background**

Brown filed this pro se civil rights action against Mesa Police Officers Jacob Alexander and Jared Bowman. (Doc. 1.) Brown alleged that Defendants used excessive force during his arrest on February 21, 2018. (*Id.* at 3.) Brown alleged that Bowman hit Brown with his police vehicle, and then Bowman and Alexander beat, kicked, and punched

Brown even though he was not resisting and was incapacitated from being hit by the vehicle. (*Id.* at 3–4.)

In October 2020, Defendants filed a Motion for Summary Judgment arguing that their actions were reasonable in the circumstances and they were entitled to qualified immunity. (Doc. 31.) The Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), which informed Brown of the requirements under Federal Rule of Civil Procedure 56 and set a deadline for filing a response to Defendants' Motion. (Doc. 33.) On November 20, 2020, Brown filed a Motion for Extension of Time to File Response, which the Court granted, and a new deadline of January 21, 2021 was set to file the response. (Docs. 35, 37.) Thereafter, Brown did not file a response.

On May 25, 2021, the Court issued its Summary Judgment Order finding that Bowman was entitled to qualified immunity as to the use of force claim related to his use of a vehicle to seize Brown but denying summary judgment for Defendants as to the use of force after Brown was on the ground. (Doc. 38.)

The Court also issued an Order to Show Cause directing Brown to show cause why the action should not be dismissed for failure to prosecute. (*Id.* at 18–19.) Brown failed to respond; therefore, on June 23, 2021, the Court dismissed the action without prejudice, and judgment of dismissal was entered. (Docs. 39–40.)

On June 29, 2021, the Court received Brown's Motion for Extension of Time. (Doc. 41.) In his Motion, Brown stated that on June 9, 2021, he was moved from the Arizona State Prison Complex (ASPC)-Kingman to ASPC-Douglas, Gila Unit. (*Id.* at 4.) He explained he did not receive any of his legal mail until this June 9, 2021 transfer. (*Id.*) Brown further explained that, in response to COVID-19, ASPC-Douglas has been in lockdown since December 2020, and he has had no access to legal resources. (*Id.* at 2.) Brown indicated that ADC is now allowing a very limited number of prisoners to use the library at a time. (*Id.*) Brown requests a 90-day extension to respond to the Court's Order to Show Cause. (*Id.*)

Defendants did not respond to Brown's Motion for Extension of Time.

On July 19, 2021, the Court received Brown's Affidavit in response to the Order to Show Cause. (Doc. 43.) In his Affidavit, Brown asserts that Defendants violated his Fourth Amendment rights and used excessive force against him. (*Id.* at 2–3.)

**II.     Discussion**

Although the Court did not receive Brown's Motion for Extension of Time until after the June 23, 2021 Order dismissing the case was entered, the Motion was signed and dated on June 22, 2021; thus, it was "filed" on that date. (Doc. 41.) *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (under the prison mailbox rule, a document submitted by a prisoner is deemed to be filed the day the document is signed and delivered to prison authorities for mailing to the Court); *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (applying prison mailbox rule to prisoners representing themselves in civil rights litigation). Defendants do not oppose the Motion for Extension, nor do they refute Brown's statements that he did not receive any of his legal mail until after his June 2021 transfer to ASPC-Douglas. Due to Defendants' non-opposition, and good cause shown for Brown's prior failure to timely respond to Court Orders, the Motion for Extension will be granted. *See* LRCiv 7.2(i) (a party's failure to respond to a motion may be deemed a consent to the granting of the motion).

The Court therefore considers Brown's Affidavit in response to the Order to Show Cause why this action should not be dismissed for failure to prosecute. Before dismissal for failure to prosecute the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423–24 (9th Cir. 1986)).

There has not been a significant delay in this action; thus, proceeding with the case does not affect expeditious resolution of litigation or management of the Court's docket. Defendants have not claimed any prejudice to them if the case continues, nor is any

prejudice apparent. Further, public policy favors disposition of cases on their merits, and the findings at summary judgment support that Brown's excessive force claim against Defendants is meritorious. Finally, Brown has demonstrated a desire to prosecute this action and shown good cause for his prior failure to timely respond to Court Orders. The Court therefore finds that dismissal for failure to prosecute is not warranted.

Accordingly, and in the interest of justice, the June 23, 2021 Order of dismissal and judgment will be vacated, and this case will be re-opened. The action will be referred to a Magistrate Judge for a settlement conference.

**IT IS ORDERED:**

(1) The June 23, 2021 Order of dismissal and judgment (Docs. 39, 40) are **vacated**, and the Clerk of Clerk of Court must **reopen** this case.

(2) Plaintiff's Motion for Extension of Time (Doc. 41) is **granted**.

(3) The May 25, 2021 Order to Show Cause is **discharged**.

(4) The remaining claim in this action is the Fourth Amendment excessive force claim against Defendants related to the use of force after Plaintiff was on the ground.

(5) This action is referred to Magistrate Judge Michael T. Morrissey to conduct a settlement conference on the remaining claim.

(6) Defense counsel must arrange for the parties to jointly call Magistrate Judge Morrissey's chambers at (602) 322-7680 within 14 days to schedule a date for the settlement conference.

Dated this 6th day of August, 2021.

James A. Teilborg
Senior United States District Judge